UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM VERNON BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RAY MABUS, Secretary of the Navy, )<br>)<br>Defendant. ) | Docket No. 2:14-cv-426-NT |

### ORDER ON MOTION TO DISMISS

Before me is the Defendant's motion to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 8). For the reasons stated below, the motion is **DENIED**.

### BACKROUND

William Vernon Brown (the "**Plaintiff**" or "**Brown**") worked for the United States Department of the Navy (the "**Defendant**" or the "**Navy**") at the Portsmouth Naval Shipyard in Kittery, Maine. Compl. ¶ 2 (ECF No. 1). Brown has "developmental and cognitive disabilities" and "was hired by the Navy through a program for 'handicapped' employees." Compl. Ex. A ¶ 2 (ECF No. 1-1).[1] He served as a motor

---

[1] The Plaintiff has attached to the Complaint and incorporated by reference a document dated February 7, 2014 entitled "Pre Complaint of Discrimination." *See* Compl. Ex. A. (ECF No. 1-1) ("**Compl. Ex. A**" or "**2014 Pre-Complaint**"). The Navy treats the factual allegations in the 2014 Pre-Complaint as if they were made in the Complaint itself. *See, e.g.* Mot. to Dismiss 14 (attacking the sufficiency of a fact stated in the 2014 Pre-Complaint). The Plaintiff's Complaint is almost entirely reliant on the 2014 Pre-Complaint for its factual allegations, which may present difficulty for the Navy when it comes time to file a responsive pleading. A motion for a more definite statement under Federal Rule of Civil Procedure 12(e) could have forced the Plaintiff to cohesively present his allegations in one document.

vehicle operator for the Navy for over thirty years. Compl. Ex. A ¶ 3. Brown's Complaint describes a diminution in job responsibilities, unanswered requests for accommodation, and antagonism from co-workers. Compl. Ex. A ¶¶ 3-5, 7, 9; Compl. Ex. B to Ex. A (ECF No. 1-1).

Brown brings this disability discrimination suit against the Navy under the Rehabilitation Act, 29 U.S.C. §§ 701-797b. He claims that during his employment, the Navy: (1) subjected him to a hostile work environment; (2) discriminated against him on the basis of disability; (3) retaliated against him for seeking EEO protection; and (4) failed to accommodate his disability.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court should grant a Rule 12(b)(6) motion only if the complaint fails the limited notice pleading standard imposed by Federal Rule of Civil Procedure 8(a)(2), which "requires only a plausible short and plain statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (internal citations and quotation marks omitted). The "complaint need not pin plaintiff's claim for relief to a precise legal theory." *Id.*

A court must accept all well-plead allegations in a complaint as true and draw all reasonable inferences in the plaintiff's favor, *González Figueroa v. J.C. Penny P.R., Inc.*, 568 F.3d 313, 316 (1st Cir. 2009), but need not accept " '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' "

*Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 225 (1st Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, a complaint must contain only "enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## DISCUSSION

The Navy challenges Brown's Complaint on two fronts: (1) that he failed to state a claim upon which relief can be granted; and (2) that he failed to exhaust administrative remedies and his claims are time-barred.

### I. Failure to State a Claim

The Navy contests the sufficiency of each of Brown's theories of discrimination. Although Brown's allegations are somewhat sparse, he has nonetheless satisfied the limited notice pleading standard imposed by Federal Rule of Civil Procedure 8(a)(2).

#### A. Hostile Work Environment

In order "[t]o succeed on a hostile work environment claim, a plaintiff must show that her 'workplace [was] permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of . . . employment and create an abusive working environment.'" *Rios-Jimenez v. Principi*, 520 F.3d 31, 43 (1st Cir. 2008) (quoting *Quiles-Quiles v. Henderson*, 439 F.3d 1, 7 (1st Cir. 2006)).

Brown's Complaint includes facts sufficient to support his hostile work environment claim. First, Brown alleges that his co-worker Robert Creamer had been "harassing" him. Compl. Ex. A ¶ 9. A manager spoke to Creamer about his behavior, and Creamer proceeded to tell co-workers that Brown had him "written up." Compl. Ex. A ¶ 9. Brown alleges that Creamer told co-workers about this incident in order to motivate them to also be hostile towards Brown. Compl. Ex. A ¶ 9. Second, Brown alleges that he saw a magazine in the break room, opened to a photograph of a man in a swim suit that had been marked up with an arrow pointing to his genital area and the words "Billy Meat" written at the top. Compl. Ex. B to Ex. A. When a supervisor saw the magazine, he did not remove it. Compl. Ex. B to Ex. A.[2] Third, Brown alleges that on one occasion, he missed an opportunity for overtime because his supervisor did not properly notify him. Compl. Ex. B to Ex. A. Fourth, Brown alleges that he was intermittently prohibited from driving vehicles over two tons, even though he had over thirty years' experience doing so and consistently requested such work. Compl. Ex. B to Ex. A.

Courts in this circuit have recognized that "[a]nalyzing the merits of a hostile work environment claim is a fact-intensive exercise requiring that the court look at all the relevant circumstances." *Schoendorf v. RTH Mech. Contractors, Inc.*, No. 2:12-cv-179-GZS, 2012 WL 3229333, at *4 (D. Me. Aug. 6, 2012). On a motion to dismiss, "the factual record before the Court is by its very nature incomplete." *Id.* For its part,

---

[2] Because the name "Billy" is short for "William," I infer that this sexualized drawing was targeted at Brown directly.

4

the Navy has not cited any cases where a court dismissed a hostile work environment claim at the Rule 12(b)(6) stage. *See* Mot. to Dismiss 16.³ Brown is not required to prove his case at this early stage of the litigation. He has alleged sufficient facts in support of his hostile work environment claim to meet his limited notice pleading obligation.

## B. Disability Discrimination

To establish a prima facie case of disability discrimination under the Rehabilitation Act, the plaintiff must show: (1) that he was disabled within the meaning of the statute; (2) that he was qualified to perform the essential functions of the job, either with or without a reasonable accommodation; and (3) that his employer took adverse action against him because of his disability. *Rios-Jimenez*, 520 F.3d at 41. For purposes of this motion, the Navy accepts that Brown is a "qualified individual with a disability." Mot. to Dismiss 13. However, the Navy argues that Brown has not articulated an adverse employment action or alleged any causal link between Brown's disability and the restrictions the Navy imposed on his operation of trucks over two tons. Mot. to Dismiss 13.

The First Circuit has recognized that the loss of opportunity to earn overtime and the loss of significant job responsibility may constitute adverse employment actions. *See Welch v. Ciampa*, 542 F.3d 927, 936 (1st Cir. 2008) (loss of overtime); *Martinez-Velez v. Rey-Hernandez*, 506 F.3d 32, 40 (1st Cir. 2007) (same); *Blackie v.*

---

³ In the section of its brief attacking the sufficiency of the Plaintiff's hostile work environment claim, the Navy cites *Alvarado v. Donahoe*, 687 F.3d 453, 462-63 (1st Cir. 2012)—affirming dismissal of a hostile work environment claim at summary judgment and *Quiles-Quiles v. Henderson*, 439 F.3d 1, 7 (1st Cir. 2006)—reinstating a jury verdict on a hostile work environment claim.

*State of Me.*, 75 F.3d 716, 725 (1st Cir. 1996) (loss of job responsibility).[4] Brown has alleged both.

With respect to causation, the First Circuit has warned against dismissing discrimination claims at the 12(b)(6) stage merely because the cause element of the plaintiff's prima facie case is not yet crystal clear. *See Garayalde-Rijos v. Municipality of Carolina*, 747 F.3d 15, 24 (1st Cir. 2014) (reversing district court's 12(b)(6) dismissal of a retaliation claim for failure to allege a causal connection between protected conduct and adverse employment action). Brown has alleged that the Navy revoked certain driving privileges "because of [his] handicap," and that his supervisor "single[d] [him] out" because of his disability. Compl. Ex. B to Ex. A. Brown has sufficiently alleged the causation element at this motion to dismiss stage.

## C. Retaliation

To establish a prima facie case of retaliation under the Rehabilitation Act, "a plaintiff must show that (1) he or she engaged in protected conduct, (2) he or she was subjected to an adverse action by the defendant, and (3) there was a causal connection between the protected conduct and the adverse action." *D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 41 (1st Cir. 2012). "[I]n the proper circumstances the causation element may be established by evidence that there was a temporal proximity between the behavior in question and the employee's complaint." *Diaz v. Dept. of Educ.*, 823

---

[4] The First Circuit has also recognized that there may be an adverse employment action even without a monetary loss for the employee. *See Marrero v. Goya of Puerto Rico, Inc.*, 304 F.3d 7, 24 (1st Cir. 2002).

F.Supp.2d 68, 75 (D.P.R. 2011) (citing *Noviello v. Boston*, 398 F.3d 76, 89 (1st Cir. 2005)).

In support of his retaliation claim, Brown alleges: (1) that he filed an EEO Complaint in 2011; (2) that the Navy informed him in December of 2012 that he could no longer operate certain vehicles he had been operating for years; and (3) that this denial of work opportunity "may . . . have [been] retaliation for . . . having sought EEO protection." Compl. Ex. A ¶¶ 4, 6-7.

Taken as a whole, Brown has alleged that after working as a motor vehicle operator for 33 years, he filed an EEO complaint, and was then restricted from operating certain vehicles in the following calendar year. Taking these allegations in the light most favorable to Brown, and mindful that the prima facie case is not to be treated as a "'rigid pleading standard'" at this stage, *Garayalde-Rijos*, 747 F.3d at 24 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)), Brown has alleged sufficient facts to state a retaliation claim.

    **D.**    **Failure to Accommodate**

In order to establish a failure to accommodate claim under the Rehabilitation Act, a plaintiff must show that she "(1) suffers from a 'disability' within the meaning of the statute, (2) is a qualified individual inasmuch as she is able to perform the essential functions of her job, with or without reasonable accommodation, and (3) that, despite its knowledge of her disability, [her employer] did not offer a reasonable accommodation." *Enica v. Principi*, 544 F.3d 328, 338 (1st Cir. 2008). Under the third element, the employee must show both that she requested an accommodation in a sufficiently direct way to put her employer on notice and that the requested

7

accommodation was feasible and would have enabled her to perform the essential functions of her job. *Id.*

Brown alleges that after 33 years of working as a motor vehicle operator, he was told in December of 2012 that he was no longer allowed to operate certain motor vehicles. Compl. Ex. A. ¶¶ 3-4. Since then, he alleges that he has asked the Navy to reconsider the restriction or help him obtain additional training to address its concerns. Compl. Ex. A. ¶ 5. He further alleges that the Navy has refused to provide any of these requested accommodations. Compl. ¶ 23. Brown has sufficiently plead a failure to accommodate claim.

## II.   Failure to Exhaust Administrative Remedies[5]

The Navy maintains that in this action, Brown is attempting to revive time-barred claims from a 2013 EEO Charge. The Navy argues that "[b]ecause the 2014 claims presented to the Navy EEO were essentially the same as the claims presented in 2013, the Plaintiff's 2013 EEO Complaint is the operative complaint" for purposes of timeliness and exhaustion. Mot. to Dismiss 8.

In support of its position, the Navy cites *Soso Liang Lo v. Pan American World Airways, Inc.*, 787 F.2d 827 (2d Cir. 1986) (per curiam). In that case, an employee filed a charge of discrimination with the Equal Employment Opportunity

---

[5] The Navy asserts that federal employees must exhaust administrative remedies before bringing suit under the Rehabilitation Act. The First Circuit has held that claims under 29 U.S.C. § 791 must be administratively exhausted, but so far has declined to resolve whether "federal employees, proceeding exclusively under § 794, must exhaust administrative remedies." *Bartlett v. Dep't of the Treasury (I.R.S.)*, 749 F.3d 1, 9 (1st Cir. 2014); *see also Vazquez-Rivera v. Figueroa*, 759 F.3d 44, 47 n.2 (1st Cir. 2014) ("Prudence once again counsels against the resolution of the exhaustion question.").

8

Commission and received a right to sue notice, but did not bring an action in federal court within the next 90 days, as required by Title VII's exhaustion requirements. *Soso Liang Lo*, 787 F.2d at 828. The employee thereafter obtained a *second* right to sue notice and brought suit in federal court. *Id.* On these facts, the Second Circuit affirmed summary judgment in favor of the employer because the second right to sue notice was "concededly based upon a charge involving exactly the same facts as the first Notice," and therefore "whether the present action is time barred must be determined with reference to only the first Notice of Right to Sue." *Id.* The Navy argues that Brown has attempted a similar move here: reasserting time-barred claims from a previous EEO charge.

Brown counters that unlike the administrative charges in the *Soso Liang Lo* case, his 2013 and 2014 EEO charges are not identical. In support, Brown cites *Ford v. Advanced Marketing Services, Inc.*, 203 F.3d 820, at *2 (4th Cir. 2000) (per curiam) (unpublished), in which the Fourth Circuit held that an earlier, time-barred EEOC charge did not bar a later suit based on a subsequent EEOC charge, because the second charge alleged "different facts and a different theory of liability" than the first charge.

These competing citations tee up the next logical question—namely, how a court should proceed when a subsequent administrative charge is a mix of new and previously-raised facts and legal theories. In *Spears v. Missouri Department of Corrections and Human Resources*, 210 F.3d 850, 852 (8th Cir. 2000), an employee filed an EEOC charge alleging retaliation, but did not bring suit within 90 days of

9

receiving her right to sue notice. She later filed a second EEOC charge, reiterating the facts and allegations in her first EEOC charge, but also adding two new incidents of retaliatory conduct and a constructive discharge claim. *Spears*, 210 F.3d at 852. The Eighth Circuit determined that the facts and retaliation claim from the initial EEOC charge were time-barred; the employee could only proceed with her suit if the new facts in the second EEOC charge themselves supported an independent claim of retaliation or constructive discharge. *Id.* at 853.[6]

The determination of where Brown's case falls on the *Soso Liang Lo-Spears-Ford* spectrum is premature. For that analysis, I would need to compare the 2013 EEO Charge Complaint to the 2014 EEO Charge Complaint, which is not in the record.[7] Because the Navy's administrative exhaustion argument requires comparing documents not before me, I do not reach it at this time.[8] In any event, the task of

---

[6] One further issue implicated by the case at bar is how a court should treat previously-raised facts used anew to support a hostile work environment claim. Unlike a discrete discriminatory act, discrimination based on a hostile work environment "cannot be said to occur on a particular day and . . . by [its] very nature require[s] repeated conduct to establish an actionable claim." *Ayala v. Shinseki*, 780 F.3d 52, 57 (1st Cir. 2015). Indeed, otherwise time-barred acts may be considered in connection with a hostile work environment claim under the "continuing violation doctrine." *Id.*

[7] The Plaintiff attached a "Pre Complaint of Discrimination" dated February 7, 2014 to his Complaint to this Court. *See* Compl. Ex. A. The Plaintiff's Complaint to this Court references (but does not attach) a "formal Complaint of Discrimination" filed with the Navy EEO Office on May 27, 2014. Compl. ¶ 7. The Navy attached a host of documents related to the Plaintiff's 2013 EEO Charge to its Motion to Dismiss, including a 2013 "Formal Complaint of Discrimination," but did not include the May 27, 2014 "formal Complaint of Discrimination" Brown references in his Complaint to this Court. It may be that the Navy EEO Office treated the 2014 Pre-Complaint as a "formal Complaint of Discrimination," or that the 2014 Pre-Complaint and May 27, 2014 "formal Complaint of Discrimination" were identical. On the record before me, there is no way to know.

[8] My conclusion is the same with respect to the Navy's argument that Brown failed to exhaust administrative remedies for constructive discharge. Without the 2014 EEO Charge, I cannot evaluate that assertion.

comparing administrative records from two distinct EEO charges is better suited for a motion for summary judgment than a motion to dismiss.[9]

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (ECF No. 8) is **DENIED**.

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 8th day of July, 2015.

---

[9] *See generally Brown v. Unified Sch. Dist. 501*, 465 F.3d 1184 (10th Cir. 2006) (comparing administrative materials from distinct EEO Charges on summary judgment); *Spears v. Mo. Dep't of Corrections*, 210 F.3d 850 (8th Cir. 2000) (same); *Ford v. Advanced Mktg. Servs.*, 203 F.3d 820 (4th Cir. 2000) (per curiam) (unpublished) (same); *Soso Liang Lo v. Pan Am. World Airways, Inc.*, 787 F.2d 827 (2d Cir. 1986) (per curiam) (same); *Murphy v. Potter*, No. 07-cv-145, 2008 WL 510147 (D.N.H. Feb. 25, 2008) (same).