UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| VERNON WILLIAM BROWN,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 2:14-cv-426-NT |
| ) | |
| RAY MABUS, Secretary of the Navy, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter comes before the Court on Defendant Ray Mabus, Secretary of the Navy's (the "**Navy**" or the "**Defendant**") motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 as to discrimination claims by former employee Vernon William Brown in violation of the Rehabilitation Act, 29 U.S.C. § 791 *et seq*. (ECF No. 41). For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

At the motion to dismiss stage, I interpreted Brown's Complaint as alleging that the Navy: (1) subjected him to a hostile work environment; (2) discriminated against him on the basis of his disability; (3) retaliated against him for seeking Equal Employment Opportunity ("**EEO**") protection; (4) failed to accommodate his disability; and (5) constructively discharged him. Order on Mot. to Dismiss 2, 10 n.8

---

[1] The caption in the Complaint identified the Plaintiff as "William Vernon Brown." Compl. 1 (ECF No. 1). The Plaintiff's name is "Vernon William Brown." ECF No. 38-1, at 1.

(ECF No. 12). The Navy has now moved for summary judgment on Brown's disability discrimination, failure to accommodate, and constructive discharge claims. Def.'s Mot. for Partial Summ. J. 29 (ECF No. 41). Brown has responded by clarifying that he is no longer pursuing his disability discrimination claim—specifically, his claim that the Navy prohibited him from operating certain vehicles *because of* his disability. Pl.'s Opp'n to Def.'s Mot. for Partial Summ. J. 1 ("**Pl.'s Opp'n**") (ECF No. 47). The Navy did not move for summary judgment on Brown's hostile work environment claim, and neither party addressed the retaliation claim in their summary judgment briefing. Thus, I must now evaluate whether the Navy is entitled to summary judgment on Brown's failure to accommodate and constructive discharge claims. Because this motion is resolved on the threshold issues of timeliness and administrative exhaustion, a cursory recitation of the facts will suffice.

Vernon William Brown was hired by the Navy around 1980 through a program for "handicapped employees." Parties' Joint Statement of Undisputed Material Facts ¶ 12 ("**JSF**") (ECF No. 55). He suffered from lead poisoning as a child, which caused developmental and cognitive difficulties. JSF ¶ 10. Over his thirty-five year career with the Navy, Brown worked as a pipefitter, motor vehicle operator, and other miscellaneous positions. *See* JSF ¶¶ 12-13. Brown worked at the Portsmouth Naval Shipyard in Kittery, Maine (the "**Shipyard**"), where the Navy overhauls, repairs, and modernizes submarines. JSF ¶ 1. The Shipyard also serves as an operations hub for multiple naval commands. JSF ¶ 1.

The present motion first concerns Brown's contention that the Navy failed to reasonably accommodate his disability. Well into Brown's tenure as a motor vehicle operator, the Navy began to enforce a particular licensing requirement. *See* JSF ¶¶ 30-34. That requirement meant that Brown could no longer operate certain heavier vehicles that he had long driven at the Shipyard. Brown faults the Navy for not helping him obtain licensing, or alternatively, misinterpreting its own regulations. JSF ¶¶ 17-26, 53-54.

This motion also concerns Brown's claim that he was constructively discharged due to intolerable working conditions. For example, the record includes evidence that colleagues verbally tormented Brown on a daily basis, including by calling him a "lead eater," encouraging him to sniff the edges of lead-laden windows, and sending pictures of his teeth to a local radio station offering free dental work for the listener with "the worst smile." Richardson Dep. 84:4-25, 86:12-14, 90:18-24 (ECF No. 38-4). The record also reveals that Brown put in for early retirement in the midst of his administrative complaints to the Navy's EEO office about the hostile work environment and harassment at the Shipyard. JSF ¶¶ 55, 57, 67, 76-77, 79-80.

## LEGAL STANDARD

Summary judgment is only appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'the evidence about the fact is such that a reasonable jury could resolve the point in favor of the non-moving party.'" *Johnson v. Univ. of P.R.*, 714 F.3d 48, 52 (1st Cir. 2013) (quoting

3

*Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008)). "A fact is material if it has potential to determine the outcome of the litigation." *Id.*

On a motion for summary judgment, the Court construes the record in the light most favorable to the non-movant and resolves all reasonable inferences in the non-movant's favor. *Burns v. Johnson*, 829 F.3d 1, 4 (1st Cir. 2016). "Thus, 'to survive summary judgment a plaintiff is not required to rely only on *uncontradicted* evidence.'" *Sensing v. Outback Steakhouse of Fla., LLC*, 575 F.3d 145, 153 (1st Cir. 2009) (quoting *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004)). Instead, "[w]here the record contains inconsistencies 'that favor in some lights the defendants and in others the plaintiff,' as long as the 'plaintiff's evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling.'" *Id.* (quoting *Calero-Cerezo*, 355 F.3d at 19).

## DISCUSSION

"The Rehabilitation Act forbids discrimination on the basis of disability against otherwise qualified individuals working for an executive agency or a program receiving federal funds." *Vázquez-Rivera v. Figueroa*, 759 F.3d 44, 47 (1st Cir. 2014). The Act incorporates the procedural provisions found in sections 717 and 706(f)-(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("**Title VII**"). *Id.* Under those provisions, an employee seeking to file a discrimination action against the head of an agency must first file an administrative complaint. *Id.*

4

An administrative complaint is both a prerequisite for entry into federal court and a scope-setting device for the civil action that follows. The civil complaint is "'limited to the charge filed with the [EEO] and the investigation which can reasonably be expected to grow out of that charge.'" *Fantini v. Salem State College*, 557 F.3d 22, 27 (1st Cir. 2009) (quoting *Powers v. Grinnell Corp.*, 915 F.2d 34, 37 (1st Cir. 1990)). In evaluating the relationship between the administrative complaint and the civil complaint, district courts may "look beyond the four corners of the underlying administrative charge to consider collateral and alternative bases or acts that would have been uncovered in a reasonable investigation." *Thornton v. United Parcel Serv., Inc.*, 587 F.3d 27, 32 (1st Cir. 2009).

Once the appropriate administrative body has had the opportunity to investigate the administrative charge, it sends a notice of final action to the employee, who may then proceed to federal court. *Vázquez-Rivera*, 759 F.3d at 47 (citing 42 U.S.C. § 2000e-16(c)). The employee *must* file his or her civil action within ninety days of receipt of the notice of final action on the administrative complaint. *Id.* (citing 42 U.S.C. § 2000e-16(c)); *Rivera-Díaz v. Humana Ins. of P.R., Inc.*, 748 F.3d 387, 390 (1st Cir. 2014). Otherwise, the civil action is time-barred. *Rivera-Díaz*, 748 F.3d at 390.

I.  **Failure to Accommodate**

Brown filed a Formal Complaint of Discrimination with the Navy EEO office on July 19, 2013 ("**2013 EEO Complaint**"). JSF ¶ 64. In the 2013 EEO Complaint, Brown alleged that "in or about December 2012," he was informed he could no longer operate certain vehicles for the Navy. ECF No. 38-3, at 24. Brown further alleged that

the Navy failed to provide him with reasonable job accommodations that would enable him to continue to operate vehicles he had previously operated. ECF No. 38-3, at 24. On November 6, 2013, the Navy EEO office dismissed Brown's 2013 EEO Complaint for failure to state a claim and mootness. JSF ¶ 73. On February 7, 2014 Brown filed a "Pre Complaint of Discrimination" with the Navy EEO Office ("**2014 Pre-Complaint**"), which described a new incident of "hostile activity" and noted that his requests for accommodation had been "ongoing." JSF ¶¶ 76-78. It is undisputed that Brown did not bring suit in federal court within ninety days of the dismissal of his 2013 EEO Complaint. JSF ¶ 75.

Brown maintains that his failure to accommodate claim is not time-barred because he "went back to the EEO with new, additional information" by way of the 2014 Pre-Complaint "within the 90-day period." Pl.'s Opp'n 7. Brown's only "new" information with respect to his failure to accommodate claim was that his requests for such accommodation were "ongoing." JSF ¶ 78. The ongoing nature of Brown's requests for accommodation does not toll his time period for bringing suit in federal court on his failure to accommodate claim. *See Ayala v. Shinseki*, 780 F.3d 52, 57 (1st Cir. 2015); *Rivera-Díaz*, 748 F.3d at 391; *Ziehm v. Radioshack Corp.*, No. 09-69-P-S, 2010 WL 2079550, at *27 (D. Me. May 22, 2010). Brown's reasonable accommodation claim is time-barred because he did not file suit within ninety days of his receipt of the Navy EEO office's dismissal of that claim.

II. **Constructive Discharge**

As described above, Brown's 2014 Pre-Complaint contained new allegations related to his hostile work environment claim. About a month after he filed the 2014

6

Pre-Complaint, Brown requested early retirement from the Navy. *See* ECF No. 38-12, at 3. Brown followed up on his 2014 Pre-Complaint on May 27, 2014 by filing a formal complaint of discrimination ("**2014 EEO Complaint**"), which included facts describing workplace harassment and a hostile work environment. ECF No. 38-3, at 1-15. The effective date for Brown's retirement from the Navy was the next day, May 28, 2014. ECF No. 38-12, at 1. The 2014 EEO Complaint did not mention Brown's early retirement or connect it in any way to his allegations of workplace harassment. Approximately two months later, on July 24, 2014, the Navy dismissed Brown's 2014 EEO Complaint. JSF ¶ 84.

The issue here is whether a plaintiff who exhausted administrative remedies for a hostile work environment claim, and took early retirement before the investigating body issued a decision on that charge, also exhausted administrative remedies for a constructive discharge claim, despite failing to file a new EEO charge specifically addressing constructive discharge. The Navy argues that Brown's constructive discharge claim should be dismissed because he failed to include allegations regarding his separation from the Navy in his administrative complaint. Def.'s Mot. for Partial Summ. J. 27. Brown counters that the hostile work environment claim is identical to the issue of Mr. Brown leaving work. "Leaving work is a consequence of the hostile work environment." Pl.'s Opp'n 10. The truth is somewhere in the middle.

As an initial matter, it is clear that hostile work environment and constructive discharge are distinct claims that require plaintiffs to prove different elements. *See*

7

*Green v. Brennan*, 136 S. Ct. 1769, 1779 (2016). But the task at hand is not crafting jury instructions, it is evaluating whether a reasonable investigation into the facts alleged in Brown's charge would have revealed the constructive discharge claim. Here, where Brown's administrative materials described years of workplace harassment based on his disability, and he put in for early retirement well before the Navy EEO issued a determination on his charge, I find that a reasonable investigation would have uncovered and addressed the lurking constructive discharge claim.

The Navy resists this conclusion by citing out-of-circuit decisions dismissing constructive discharge claims that were not presented in underlying administrative charges. Def.'s Mot. for Partial Summ. J. 28 (collecting cases); Def.'s Reply 12 (citing *Terveer v. Billington*, 34 F. Supp. 3d 100, 113 (D.C.C. 2014)) (ECF No. 52). These cases suggest that hard-and-fast rules in this area are elusive, since the court's task is to compare the particular administrative charge to the allegations in the complaint, and determine whether they are reasonably related. So, for example, the fact that a court found that an EEO charge involving a failure to accommodate was not sufficiently like or related to the constructive discharge claim that appeared in the plaintiff's civil complaint, *Cannon v. Paulson*, 531 F. Supp. 2d 1, 7 (D.D.C. 2008), does not answer whether *Brown's* administrative charge was sufficiently related to his constructive discharge claim. *See also Diefenderfer v. Peters*, No. 08-958Z, 2009 WL 1884419, at *3 (W.D. Wash. June 29, 2009) ("Plaintiff's EEO claims involved a reassignment, denied positions, a reprimand, denial to a database and other discrete

8

acts . . . . Plaintiff's retaliatory constructive discharge claim presents a different theory of liability not presented by Plaintiff's EEO claims.").

Ideally, Brown's counsel would have filed a new administrative charge following Brown's decision to put in for early retirement, which clearly described his allegations supporting the constructive discharge theory. But that absence is not fatal to Brown's constructive discharge claim, which was a short inferential leap from the allegations that did appear in his administrative charge. My conclusion would likely be different if, for example, Brown had only filed administrative charges related to his failure to accommodate claim, and then added a claim for constructive discharge in federal court. *Cf. Cannon*, 531 F. Supp. 2d at 7. But here, where Brown took early retirement in the midst of allegations of years of workplace hostility, a reasonable investigation would have delved into the latent constructive discharge claim. I thus decline to grant summary judgment for Brown's constructive discharge claim on failure to exhaust grounds.

## CONCLUSION

For the reasons stated above, I **GRANT** the Defendant's motion for summary judgment with respect to the Plaintiff's failure to accommodate claim and **DENY** the Defendant's motion for summary judgment with respect to the Plaintiff's constructive discharge claim (ECF No. 41).

SO ORDERED.

                                                         /s/ Nancy Torresen  
                                                        United States Chief District Judge

Dated this 14th day of October, 2016.